## FAURIE v. BOARD OF DIRECTORS OF CITY SCHOOLS OF NEW ORLEANS.

### QUINLAN v. SAME.

(Circuit Court of Appeals, Fifth Circuit. April 26, 1915.)

### Nos. 2734, 2735.

GARNISHMENT ☞17—PROPERTY SUBJECT TO GARNISHMENT—SCHOOL FUNDS.

Under Rev. St. La. § 1320, providing that property dedicated to the use and belonging to public schools, or employed by municipal corporations for that purpose, shall be and is thereby exempted from seizure, and Act La. 1912, No. 214, § 68, requiring school boards to adopt a budget of revenues, and a budget of expenditures not to exceed 100 per cent. of the budget of revenues, or in the parish of Orleans 95 per cent., and providing that in the parish of Orleans at the end of the year, after payment of all indebtedness budgeted, the school board shall apply the surplus of 5 per cent. to any indebtedness of previous years reduced to final judgment, the proceeds of a loan to a school board in the parish of Orleans, for the repayment of which loan all the revenues had been dedicated, was not subject to garnishment under a judgment against the school board, which had not set aside 5 per cent. for the payment of old judgments as required.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 32–34, 44; Dec. Dig. ☞17.]

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Actions by Edith Faurie and Eugenia Quinlan against the Board of Directors of the City Schools of New Orleans. Judgments adverse to plaintiffs, and they bring error. Affirmed.

The two foregoing causes were submitted together in pursuance of the following stipulation of counsel: "It is understood and agreed between counsel representing the plaintiff, the Whitney Central National Bank and the Board of Directors of the Public Schools, Parish of Orleans, that the same judgment which may be rendered by this honorable court shall also be rendered in the case of Quinlan v. Board of Directors of the City Schools of New Orleans, No. 2735 of the honorable court, mutatis mutandis, and due regard being had to the amount involved in the case of Quinlan, which is different from that in the Faurie case; briefs in the Faurie case to serve in the Quinlan case.

The plaintiffs, holding judgments for quite large amounts, originally against the Board of Directors of the City Schools of New Orleans, but revived against the Board of Directors of the Public Schools, Parish of Orleans, November 27, 1914, served writs of garnishment on the Whitney Central National Bank to subject certain moneys held by the bank to the payment of their judgment. Among other defenses the bank in its answer interposed the following: "And, further answering, this respondent says: That at the date of the service of the interrogatories aforesaid it had on hand to the credit of the corporation

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

designated as Board of Directors of the Public Schools, Parish of Orleans, a sum of money aggregating more than thirty-five thousand dollars ($35,000.00). That respondent is advised and believes, and so answers, that the said corporation known as the Board of Directors of the Public Schools, Parish of Orleans, is a corporation created by Act 214 of the Louisiana Legislature of 1912, and is another and different corporation from the defendant in the judgment and writ herein. Further answering, respondent avers that it is informed and believes, and so answers, that the funds of the Board of Directors of the Public Schools, Parish of Orleans, which it has answered that it had in its possession, are funds which are dedicated, under the provisions of the Constitution of the state of Louisiana, to a governmental purpose, to wit, school purposes, and which are therefore exempt from seizure by the process of garnishment or otherwise. For further answer, your respondent avers that the corporation known as the Board of Directors of the Public Schools, Parish of Orleans, is, as respondent is informed and believes, an arm of the state government of the state of Louisiana, and as such is not subject to garnishment process." There are numerous other pleadings between the parties, but reference to them is unnecessary.

Upon conclusion of the evidence, counsel for the plaintiffs in error requested an affirmative charge in their favor. The request was denied, and the following instruction was given by the court: "Gentlemen: In this case it appears that the funds garnished are the result of a loan, but that all of the revenues have been dedicated to the repayment of the loan; that the board has never set aside 5 per cent. for the payment of old judgments as required by the Act of the Legislature, No. 214 of 1912, section 68, paragraph "B." Therefore I am of the opinion that there is no difference in the funds, although they may have been derived from a loan; that the loan could not be a source of revenue, merely a matter of convenience to anticipate the revenues derived from the usual sources, which would not be seizable under the fi. fa.; and I will maintain the exception of the garnishee, and discharge the rule to traverse the answers of the garnishee. I decline to give the first request of the plaintiff, and consider that the other two requests are not applicable, and deny them also."

To the instruction given, counsel for plaintiffs in error excepted, and to revise the judgments, rendered in behalf of the defendant in error, the case has been brought to this court.

Charles Louque, of New Orleans, La., for plaintiffs in error.

I. D. Moore, City Atty., John F. C. Waldo, Asst. City Atty., and Hall, Monroe & Lemann, all of New Orleans, La., for defendants in error.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

PER CURIAM. The District Judge was right in the conclusion announced in his charge to the jury. The funds were held by the bank in trust for school purposes, and were not subject to garnishment; and this clearly appears from section 1320 of the Revised Statutes of Louisiana of 1870. That section is in the following words:

"Property dedicated to the use and belonging to public schools, or employed by municipal corporations for that purpose, shall be and is hereby exempted from seizure."

See, also, Meriwether v. Garrett, 102 U. S. 472, 26 L. Ed. 197.

The record discloses that, at the time the garnishments were served and the judgments rendered against the plaintiffs in error, the judgments in their favor stood, as they were originally rendered, against the organization known as the Board of Directors of the City Schools

of New Orleans. The bank denied having funds of this board, but admitted that it held more than $35,000 to the credit of the Board of Directors of the Public Schools, Parish of Orleans. As to this particular phase of the case we express no opinion, preferring to rest our decision upon the merits of the question submitted.

The judgments should be affirmed; and it is so ordered.